IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WALLACE R. BARR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT, INC.,<br><br>Defendant. | Civil No. 05-5056 (JEI)<br><br><br><br>**OPINION** |

**APPEARANCES:**

Evan H. Lechtman, Esq.
Blank Rome, LLP
One Logan Square
Philadephia, PA 19103
*Counsel for Wallace R. Barr*

Alan E. Kraus, Esq.
Latham & Watkins, LLP
One Newark Center
16th Floor
Newark, NJ 07101-3174
*Counsel for Harrah's Entertainment, Inc.*

**DONIO, MAGISTRATE JUDGE:**

This matter comes before the Court by way of motion of Plaintiff, Wallace R. Barr, the named representative in this class action lawsuit, seeking to compel Defendant, Harrah's Entertainment, Inc., to produce documents protected by the attorney-client privilege. Plaintiff formerly served as Chief

Executive Officer ("CEO") of Caesars' Entertainment, Inc. ("Caesars") until Caesars merged with Defendant in 2005, and also was a member of Caesars' Board of Directors. (See Memorandum of Law in Support of Plaintiff, Wallace R. Barr's Motion to Compel the Production of Documents (hereinafter, "Pl. Br."), at 2; Opinion dated May 3, 2007, at 2.) Plaintiff does not dispute that the documents in question are protected under the attorney-client privilege. (See Reply Brief in Support of Plaintiff, Wallace R. Barr's Motion to Compel the Production of Documents (hereinafter, "Pl. Reply Br."), at 3.) Rather, Plaintiff claims that, notwithstanding the privilege, he is entitled to review the documents because he had access to such records while he was an officer and director of Caesars. (Pl. Br. at 2.) For the reasons that follow, the Court denies Plaintiff's motion.

This action originates from a breach of contract claim by a class of individuals who formerly held options to purchase Caesars' common stock pursuant to a Stock Incentive Plan adopted in 1998 by Caesars' predecessor, Park Place Entertainment, Inc. (hereinafter, the "1998 Plan"). (Pl. Br. at 2, 3.) The specific facts of this case were set forth in the District Court's Opinion dated May 3, 2007. Plaintiff generally alleges that when Caesars merged with Defendant in June 2005, Defendant, who assumed Caesars' obligations under the 1998 Plan, breached the 1998 Plan by purportedly failing to pay the proper amount to those Caesars'

option holders who chose to exchange their options for cash at the time of the merger. (Pl. Br. at 2; Opinion dated May 3, 2007, at 2, 4.)

The documents at issue in connection with this motion are documents that Plaintiff asserts he had access to while he was the CEO and a director of Caesars, and that, as noted above, are presently being withheld by Defendant on the basis of the attorney-client privilege. (Pl. Br. at 2-3.) Specifically, Plaintiff seeks to compel the production of communications between Caesars' in-house counsel and outside counsel, communications between Caesars' in-house counsel and Caesars' employees, and communications between Caesars' in-house counsel and Caesars' executives. (Id. at 3-4.)[1] Plaintiff contends that many of these documents were created by

---

1. Defendant denies the relevancy of the documents to the claims in this case. Defendant asserts that the privileged documents "do not concern the calculation of the Change in Control Price for the 1998 Plan," but rather address "the drafting of Caesars 2004 Long Term Incentive Plan (the "2004 Plan"), potential communications to participants in the 2004 Plan at the time of the merger and general legal advice to the Caesars Board as to how forms of Caesars incentive compensation other than the 1998 Plan options that were 'cashed out' would be treated under the Merger Agreement." (See Defendant Harrah's Entertainment, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Compel, at 3.) Defendant states that it already produced "all documents relating to the interpretation of the 1998 Plan's Change in Control provisions" and even waived the privilege and produced documents concerning "the calculation of the Change in Control Price under the 1998 Plan[.]" (Id.) The Court need not address whether the documents at issue in this motion are relevant to the claims of Plaintiff and the class, because Plaintiff's motion shall be denied on other grounds as set forth infra.

Caesars or its counsel while Plaintiff was serving as the CEO and a director of Caesars. (Id. at 3.) Further, Plaintiff asserts that he was the intended recipient of several of the documents. (Id. at 4.) Defendant does not dispute that the documents at issue were created when Plaintiff was an officer and director of Caesars, or that Plaintiff had access to such documents while employed by Caesars. Nonetheless, Defendant has withheld the documents on the ground that production thereof to Plaintiff would necessitate disclosure of the privileged documents to the class of Caesars' option holders, the majority of whom were purportedly never officers or directors of Caesars. (See Defendant Harrah's Entertainment, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Compel (hereinafter, "Def. Br."), at 1, 5.) Thus, Defendant asserts, the "inevitable consequence" of disclosure of the privileged documents to Plaintiff would be the waiver of Defendant's attorney-client privilege. (Id. at 1.)

In support of the present motion, Plaintiff asserts that this discovery dispute should be resolved in accordance with Delaware law. In this regard, Plaintiff contends that the issue presented on this motion "falls squarely within the purview of the internal affairs doctrine," a choice-of-law principle which provides that the law of the state in which a corporation is incorporated -- in this case, the law of Delaware because Defendant is a Delaware corporation -- governs issues concerning

relationships among or between the corporation and its officers, directors and shareholders. (Pl. Reply Br. at 3, 4 n.1.) Plaintiff specifically relies upon Delaware law as set forth in the case of Kirby v. Kirby, Civ. Action No. 8604, 1987 WL 14862, at *1 (Del. Ch. July 29, 1987). Plaintiff asserts that Kirby supports the proposition that he should have full access to privileged documents that were drafted during his tenure with Caesars because he, as an officer and director of Caesars, was a "joint client" with Caesars for purposes of the attorney-client privilege. (Pl. Br. at 9; Pl. Reply Br. at 5.) Plaintiff also cites to a number of cases from Delaware, as well as other state and federal cases, which have held that a corporation cannot use the attorney-client privilege to shield a former corporate officer or director from accessing documents that were created during such officer's or director's tenure with the corporation.[2] (Pl. Br. at 6.)

Defendant asserts that New Jersey law, not Delaware law, applies in this case under Rule 501 of the Federal Rules of Evidence. (Def. Br. at 4.) Defendant proffers no further argument

---

2. In particular, Plaintiff cites to Carnegie Hill Fin., Inc. v. Krieger, No. 99-CV-2592, 2000 WL 10446 (E.D. Pa. Jan. 5, 2000); Moore Bus. Forms, Inc. v. Cordant Holdings Corp., Civ. A. Nos. 13911, 14595, 1996 WL 307444 (Del. Ch. June 4, 1996), appeal refused by 682 A.2d 625 (Del. 1996); Gottlieb v. Wiles, 143 F.R.D. 241 (D. Colo. 1992); Resolution Trust Corp. v. Adams, No. 93-389-CIV-ORL-18, 1994 WL 315646 (M.D. Fla. Apr. 14, 1994); Hutchins v. Fordyce Bank & Trust Co., 211 B.R. 330 (Bankr. E.D. Ark. 1997); and Glidden Co. v. Jandernoa, 173 F.R.D. 459 (W.D. Mich. 1997). (Pl. Br. at 6.)

for its contention that New Jersey law applies, and states that New Jersey courts have not addressed the issue of whether a former director is entitled to review a corporation's attorney-client privileged documents that were created or in existence during the director's tenure.[3] (Id.) Further, Defendant argues that even if Delaware law applies, Kirby and the cases cited by Plaintiff in support of Kirby do not involve class actions and, consequently, are distinguishable from the present case. (Id. at 4, 5.) In particular, Defendant asserts that the cases upon which Plaintiff relies involve claims by a corporation against former officers and directors, where the privileged documents are critical to the defense of the former officer or director. (Id. at 4.) Defendant also submits that none of the cases cited by Plaintiff involve class actions where disclosure of the privileged documents at issue would "almost certainly" result in a waiver of the corporation's attorney-client privilege. (Id.) Defendant asserts that if the Court was to apply Kirby in this case, the result would contravene the holding in Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985), because Plaintiff, as the representative of a plaintiff-class, would effect a waiver of Defendant's attorney-client privilege. (See id. at 5,

3. Defendant also briefly mentions Nevada law but does not proffer any choice-of-law analysis, and also states that Nevada courts have not addressed the issue. (Def. Br. at 4.)

7.) In support of this assertion, Defendant cites to a number of cases that Defendant contends reject the proposition that a former insider has a right to compel the production of privileged documents from his former corporate employer.[4] (Id. at 5-6.)

In the present case, which comes before this Court under its diversity jurisdiction and involves a state law breach of contract claim, the Court must first determine under New Jersey choice-of-law rules which state's law applies in deciding this dispute. See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941). As framed by Plaintiff, the inquiry on this motion is whether a former director has a right to inspect corporate documents created during the director's tenure. The Court agrees with Plaintiff that the internal affairs doctrine applies to such inquiry. As noted supra, the internal affairs doctrine is a choice-of-law principle that holds that the law of the state in which the corporation is incorporated governs internal corporate affairs. See Fagin v. Gilmartin, 432 F.3d 276, 282 (3d Cir. 2005) (citing Brotherton v. Celotex Corp., 202 N.J. Super. 148, 493 A.2d 1337, 1339 n.1 (N.J. Super. Ct. Law Div. 1985)). This doctrine "applies to those

4. The cases cited by Defendant include Dexia Credit Local v. Rogan, 231 F.R.D. 268 (N.D. Ill. 2004); Milroy v. Hanson, 875 F. Supp. 646 (D. Neb. 1995); Genova v. Longs Peak Emergency Physicians, 72 P.3d 454 (Colo. Ct. App. 2003); and In re Marketing Investors Corp., 80 S.W.3d 44 (Tex. App. 1998). (Def. Br. at 5-6.)

matters that pertain to the relationships among or between the corporation and its officers, directors and shareholders." VantagePoint Venture Partners 1996 v. Examen, Inc., 871 A.2d 1108, 1113 (Del. 2005); Edgar v. MITE Corp., 457 U.S. 624, 645, 102 S. Ct. 2629, 73 L. Ed. 2d 269 (1982) ("The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs -- matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders -- because otherwise a corporation could be faced with conflicting demands.") (citing Restatement (Second) of Conflict of Laws § 302, cmt. b, pp. 307-08 (1971)). Because the Court finds that the internal affairs doctrine applies to the issue presently before the Court, the Court shall apply the law of Delaware, which is the law of the state in which Defendant is incorporated, in deciding the present discovery dispute.[5]

Having found that Delaware law applies, the Court shall now address whether Plaintiff, as a former officer and director of Caesars, is entitled to review the privileged documents at issue. In Kirby, relied on by Plaintiff in this motion, the Delaware Chancery Court held that the defendant-corporation could not invoke

5. As there is no dispute that the documents at issue are privileged, the Court does not consider FED. R. EVID. 501 as governing the choice-of-law analysis.

the attorney-client privilege against its former directors regarding documents created during the directors' tenure. Kirby involved a dispute among four siblings over control of a charitable corporation, in which the plaintiffs -- three of the siblings -- sought a determination that they continued to be directors of the corporation, and charged the defendants -- the fourth sibling and his family -- with various breaches of fiduciary duties. Kirby, 1987 WL 14862, at *1. In the lawsuit, the plaintiffs sought production of fifteen documents, which constituted communications between the corporation's officer, director and counsel, or concerned legal advice rendered on behalf of the corporation, and which were withheld by the defendants on the basis of the attorney-client privilege. See id. at *6. Many of the documents were prepared during the time that the plaintiffs were directors of the corporation, and the remaining documents were prepared after corporate action was taken to remove the plaintiffs from office. Id. at *7. With respect to the documents prepared during the directors' tenure, the Delaware Chancery Court stated that "[t]he issue is not whether the documents are privileged or whether plaintiffs have shown sufficient cause to override the privilege. Rather, the issue is whether the directors, collectively, were the client at the time the legal advice was given." Id. The Delaware Chancery Court held that the directors were to be treated as a "joint client" when "legal advice is rendered to the corporation

through one of its officers or directors." Id. Thus, in Kirby, the Delaware Chancery Court concluded that there was no basis for the corporation's invocation of the attorney-client privilege for documents created during the former directors' tenure, and, accordingly, granted the former directors' motion to compel such documents.[6] Id.

In support of his position, Plaintiff also relies on Moore Bus. Forms, Inc. v. Cordant Holdings Corp., Civ. A. Nos. 13911, 14595, 1996 WL 307444, at *1 (Del. Ch. June 4, 1996). In Moore, relying upon Kirby, the Delaware Chancery Court noted that "as a general matter, a corporation cannot assert the [attorney-client] privilege to deny a director access to legal advice furnished to the board during the director's tenure." Id. at *4 (citations omitted). The Delaware Chancery Court determined that all directors should be treated as a "single client" when legal advice is rendered to the corporation through one of its directors. Id. at *4 n.4. Plaintiff further relies on Carnegie Hill Fin., Inc. v. Krieger, No. 99-CV-2592, 2000 WL 10446 (E.D. Pa. Jan. 5, 2000). In Krieger, the defendants were former officers and

6. With respect to the documents created after action was taken to remove the plaintiffs as directors, the Delaware Chancery Court concluded that in camera inspection of the documents was necessary to determine whether, under Garner v. Wolfinbarger, 430 F.2d 1093, 1103-04 (5th Cir. 1970), cert. denied, 401 U.S. 974, 91 S. Ct. 1191, 28 L. Ed. 2d 323 (1971), the plaintiffs' interest in the documents outweighed the corporation's privilege. Kirby, 1987 WL 14862, at *8.

directors of the plaintiff-corporations, in a lawsuit in which the plaintiffs asserted claims for violations of the Lanham Act, breach of contract, breach of fiduciary obligations, breach of the duty of loyalty, corporate waste, and tortious interference with contract. Krieger, 2000 WL 10446, at *1. In connection with the lawsuit, the defendants sought from counsel for the plaintiff-corporations documents relating to counsel's representation of the corporations during the time in which the defendants served as officers and directors. Id. at *1-2. In concluding that the defendants were entitled to production of the documents, the District Court for the Eastern District of Pennsylvania noted that the plaintiffs' cause of action against the former director-defendants was derived from the director-defendants' conduct while utilizing the legal services of counsel. Id.

The parties acknowledge that the Supreme Court of Delaware has not considered the issue presented in this case, that is, whether a former officer or director is entitled to review privileged documents created during the officer or director's tenure when he also acts as a class representative in a class action breach of contract lawsuit against such corporation. When deciding issues of state law, federal courts are to look, first and foremost, at the decisions of the state's highest court. However, in cases in which the state's highest court has not yet decided the particular issue in question, the federal court is to attempt, as

best it can, to predict how the state's highest court would rule. Pittston Co. v. Allianz Ins. Co., 124 F.3d 508, 516 (3d Cir. 1997). See also Thomason v. Lehrer, 183 F.R.D. 161, 168 n.5 (D.N.J. 1998)(holding that in cases involving the application of state law, federal courts must "predict how the state's highest court would decide the issue."), aff'd, 189 F.3d 465 (3d Cir. 1999). In deciding how the state supreme court would most likely rule on an issue, a federal court may look to, and should give "'due consideration'" to, the rulings of the state's lower courts. Pittston, 124 F.3d at 516 (internal quotations omitted). The Court notes, however, that it is not bound by those decisions, if it finds that the state supreme court would most likely decide the issue differently. Id. See also Keeley v. Loomis Fargo & Co., 183 F.3d 257, 269 n.9 (3d Cir. 1999) (holding that "a trial court decision was, at most, persuasive but nonbinding authority."), cert. denied, 528 U.S. 1138, 120 S. Ct. 983, 145 L. Ed. 2d 933 (2000). Accordingly, in the present case, where the Supreme Court of Delaware has not yet ruled on the precise issue presented on this motion, this Court may look to the rulings of the Delaware Chancery Court, but is not bound by such decisions.

The Court notes that the Delaware Chancery Court's decision in Kirby has not been without criticism, and several courts in other jurisdictions have disagreed with that holding. For example, in Milroy v. Hanson, 875 F. Supp. 646 (D. Neb. 1995),

the District Court concluded that Kirby and its progeny "make a fundamental error by assuming that for a corporation there exists a 'collective corporate 'client'' which may take a position adverse to 'management' for purposes of the attorney-client privilege. There is but one client, and that client is the corporation." Milroy, 875 F. Supp. at 649. In Dexia Credit Local v. Rogan, 231 F.R.D. 268, 277 (N.D. Ill. 2004), the District Court rejected the position set forth in Gottlieb v. Wiles, 143 F.R.D. 241 (D. Colo. 1992), which relied on the holding in Kirby, that a former control group member -- defined as someone who was "within the class of persons who would receive communications and work product from counsel" -- is entitled to have access to documents he saw or could have seen while in the control group. Dexia, 231 F.R.D. at 276-77. The District Court explained that "[p]eople may come and go within a control group, but a corporation has a legitimate expectation that a person who leaves the control group no longer will be privy to privileged information. To rule otherwise would defeat that expectation, and could chill the willingness of control group members to speak candidly . . . about privileged matters, knowing that some day one of their number may leave the control group and become adverse . . . to the corporation." Id. at 277; see also In re Braniff, Inc., 153 B.R. 941 (Bankr. M.D. Fla. 1993) (holding that absent a specialized showing, former directors and officers were not entitled to documents when privilege was asserted by

corporation); Genova v. Longs Peak Emergency Physicians, 72 P.3d 454, 463 (Colo. Ct. App. 2003) (in rejecting Kirby and its progeny, court noted that "plaintiff's status as a former director and 'dissident' does not entitle him to access defense counsel's files regarding communications with [the corporation]."). But see Krieger, 2000 WL 10446, at *2 n.2 ("I find the court's reasoning in Gottlieb v. Wiles, 143 F.R.D. 241 (D. Colo. 1992) persuasive. . . . I conclude that the policy underlying attorney-client privilege and work product immunity would not be advanced by now denying former officers and directors of the corporation access to documents which are relevant to the issues tendered by Plaintiffs and which they could have seen upon request at any time."); Gottlieb v. Wiles, 143 F.R.D. 241, 247 (D. Colo. 1992) (holding that present board of directors may not assert attorney-client privilege against former officer and member of board of directors); People ex. rel. Spitzer v. Greenberg, 851 N.Y.S.2d 196, 201-02 (N.Y. App. Div. 2008) (finding under New York and Delaware law that former directors "are within the circle of persons entitled to view privileged materials without causing a waiver of the attorney-client privilege," noting that because directors and officers were privy to and participated in legal consultations while they were directors and officers, corporation "failed to sustain its burden of establishing that the privilege is assertable" to former directors and officers).

The Court finds that Kirby does not govern the resolution of the present discovery dispute, because Kirby does not address a former officer or director's right of access to a corporation's documents when the officer or director is acting as a class representative in a class action lawsuit asserting a breach of contract claim. The Delaware Chancery Court in Kirby focused only on the former directors' right of access to a corporation's documents for their own use, and did not contemplate a former director's right to review documents on behalf of a class of individuals who would not themselves have access to such records under Delaware law. Indeed, a class representative owes a fiduciary duty to the class that he represents and must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4); In re Cendant Corp. Sec. Litig., 404 F.3d 173, 203 (3d Cir. 2005) ("Once a lead plaintiff has been appointed, that plaintiff should be deemed to speak for the entire class - as, indeed, the lead plaintiff has a fiduciary duty to represent all class members fairly."). Therefore, unlike the plaintiff in Kirby, here, access to privileged documents by a class representative would constitute access of the documents to the class.

In light of the relationship of a class representative to the class, the holding of the United States Supreme Court in Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985), bears on the Court's inquiry on

this motion.[7] In Weintraub, the United States Supreme Court noted that "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." Id. at 348, 105 S. Ct. at 1991, 85 L. Ed. 2d at 378. The Supreme Court further noted that the attorney-client privilege does not belong to individual agents of the corporation, and that former managers lose their ability to assert and waive the corporation's privilege when the corporation changes management:

> [W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well. New managers, installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney-client privilege with respect to communications made by former officers and directors. Displaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties.

Id. at 349, 105 S. Ct. at 1991, 85 L. Ed. 2d at 378. Therefore, under Weintraub, a former officer or director who is permitted a right of access to a corporation's documents would have an obligation to maintain the confidentiality of any privileged information that he might review, because the corporation's

7. The Court notes that the Supreme Court of Delaware has cited Weintraub with approval. See Zirn v. VLI Corp., 621 A.2d 773, 781 (Del. 1993).

attorney-client privilege belongs to the corporation and cannot be waived by the former officer or director. See Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa Steamship Co., Inc., 232 F.R.D. 191, 198 (S.D.N.Y. 2005); see also In re Mortgage & Realty Trust, 195 B.R. 740, 750 (Bankr. C.D. Cal. 1996) ("The fiduciary duty of loyalty of a corporate director includes a duty to preserve the confidentiality of confidential information received from the corporation during service as a director."); Genova, 72 P.3d at 463 ("Although plaintiff's status as a former director would have entitled him to learn privileged information when he was a director, he would then have been duty bound to keep such information confidential. He would not have been entitled alone to assert or waive the privilege on behalf of [the corporation].").

The Court finds that the Supreme Court of Delaware would not apply a rule of law that would achieve a result that impliedly contravenes the decision of the United States Supreme Court as set forth in Weintraub. While Weintraub's holding concerning the former officers or directors' lack of power to waive the privilege "does not resolve the question of whether they themselves are precluded by the attorney-client privilege or work product doctrine from inspecting documents generated during their tenure," see Gottlieb, 143 F.R.D. at 247, any right of a former officer or director to access a corporation's documents must not run afoul of the obligation imposed by Weintraub to maintain the confidentiality

of the corporation's attorney-client privileged information. Cf. In re Teleglobe Communications Corp., 493 F.3d 345, 379-80 (3d Cir. 2007) ("the Delaware Supreme Court would follow the Restatement rule (as accepted by both the Delaware Court of Chancery and the federal District of Delaware Court)" that one party to a joint representation cannot waive the privilege to force the other party in a joint representation "to turn over documents generated in the course of the joint representation to third parties[.]"). In this case, Plaintiff does not have the consent of Defendant (the present holder of the attorney-client privilege) to waive the privilege. The Court concludes that the Supreme Court of Delaware would find that a former officer or director serving as a class representative in a class action lawsuit asserting a breach of contract claim does not have the right to review privileged documents of the corporation solely based upon the officer or director's prior access to such documents during his tenure as a former officer or director with the corporation.[8]

8. The Court notes Plaintiff's assertion that under Delaware's General Corporate law, and particularly 8 Del. Code § 220(d), corporate directors have a broad right to access corporate records and documents. (Pl. Br. at 10; Pl. Reply Br. at 11.) However, as noted by Defendant, a director has a right of inspection under the Code "for a purpose reasonably related to the director's position as a director[.]" 8 Del. C. § 220(d). (Def. Br. at 8.) Plaintiff concedes in his reply brief that he is not pursuing the documents under a Section 220 action. (Pl. Reply Br. at 10-11.) Further, as Defendant notes, "the Delaware Court of Chancery is vested with exclusive jurisdiction to decide

(continued...)

Consequently, the Court finds that Plaintiff is not entitled in this case to review Defendant's attorney-client privileged information, even though he previously had access to such documents during his tenure as CEO and a director of Caesars.[9] In so holding, the Court rejects Plaintiff's contention that he does not seek to waive the attorney-client privilege on behalf of Defendant in contravention of Weintraub. Plaintiff's argument does not take into account that he is acting on behalf of a class of Caesars option holders. Therefore, Plaintiff's motion to compel

---

8. (...continued)
whether a director is entitled to the inspection sought under Section 220." (Id.) See 8 Del. C. § 220(d) ("The Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought.").

9. Plaintiff does not assert that he is entitled to production of Defendant's documents under the good cause standard enunciated in Garner v. Wolfinbarger, 430 F.2d 1093, 1103-04 (5th Cir. 1970), cert. denied, 401 U.S. 974, 91 S. Ct. 1191, 28 L. Ed. 2d 323 (1971). As noted above, the case presently before the Court involves a breach of contract claim on behalf of a class of option holders, and is not a shareholder derivative action where shareholders are challenging whether a corporation's officers and directors acted in the best interests of the shareholders. See In re Fuqua Indus., Inc. Shareholder Litig., No. Civ. A. 11974, 2002 WL 991666, at *3 (Del. Ch. May 2, 2002) (limiting application of Garner to cases in which a motion to compel is brought "in the context of a shareholder derivative action where discovery requests are met by a properly-supported claim of attorney-client privilege by the corporation concerning communications that took place while there was a mutuality of interest between a fiduciary and the shareholders[.]"). Nor does Plaintiff assert that Defendant waived the privilege and placed the advice at issue.

Defendant to produce its attorney-client privileged information is denied.

An appropriate Order will be entered.

Dated: March 31, 2008

s/ Ann Marie Donio
ANN MARIE DONIO
United States Magistrate Judge

cc: Honorable Joseph E. Irenas