UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WALLACE R. BARR, on behalf of :
himself and all others similarly situated,
:
        Plaintiff,
  v. :
                                Civil Action No. 05-5056 (JEI)
HARRAH'S ENTERTAINMENT, INC., :
                               **ORDER TO TAX COSTS**
        Defendant. :

This matter comes before the Court on application [Dkt. Entry 82] for a Bill of Costs by Defendant Harrah's Entertainment ("Harrah's") pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1. Plaintiff Wallace R. Barr, on behalf of himself and all others similarly situated ("Plaintiff") contests Harrah's Bill of Costs.

On May 30, 2008, the Court entered an Order [Dkt. Entry 77] granting summary judgment. Thereafter, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. On July 29, 2009, the Court of Appeals filed its Mandate Order affirming the district court.

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs unless the Court otherwise directs.[1] Rule 54(d) creates a "'strong presumption' that costs are to be awarded to the prevailing party." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000) (quoting 10 MOORES FEDERAL PRACTICE § 54.101, at 54-149); see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). If an order or judgment is silent as to costs, as it is in this matter, the natural reading of Rule 54(d) would lead one to conclude that a judgment or

---

[1] Fed. R. Civ. P. 54(d)(1) states in relevant part: *"Costs other than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees– should be allowed to the prevailing party."

order allows costs because the Court had not "otherwise directed." Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F. 2d 219, 221 (7th Cir. 1988). Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to costs unless the court otherwise directs. Rule 54(d)(1) creates a "'strong presumption' that costs are to be awarded to the prevailing party." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (quoting 10 MOORE'S FEDERAL PRACTICE § 54.101, at 54-149); see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). In the current matter, Harrah's is the prevailing party within the meaning of Federal Rule of Civil Procedure 54(d). See Garonzik v. Whitman Diner, 910 F. Supp. 167, 168 (D.N.J. 1995) ("A prevailing party is the one in whose favor of a judgment is rendered, regardless of whether the party has recovered its entire claim or a portion thereof.") (citing Fahey v. Carty, 102 F.R.D. 751 (D.N.J. 1983); see also, 2 Moore's Federal Practice § 54.101 (3d ed. 2005) ("The cases that have interpreted the 'prevailing party' language of Rule 54(d)(1) generally state simply that the prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case.").

As mentioned, Federal Rule Civil Procedure 54(d)(1) states "unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." 28 U.S.C. § 1920 defines which costs are taxable:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under section 1828 of this title.

While a Court does have discretion as to which costs it grants, it many not shift costs beyond those found in § 1920 without express statutory authorization to do so. Adams v. Teamsters Local 115, No. 99-4910, 2007 U.S. Dist. LEXIS 51463, at *32 (E.D.Pa. July 17, 2007) (citing Crawford Fitting Co. v. J.T.Gibbons, Inc., 482 U.S. 437, 444-45 (1987)). Additionally, Local Civil Rule 54.1 "set[s] forth the general rules . . . to follow in taxing costs" under § 1920. Lite, N.J. Federal Practice Rules, Comment 4 to Rule 54.1(Gann 2009 ed.) at 201. Therefore, while a prevailing party is entitled to costs under Rule 54 of the Federal Rules of Civil Procedure, "those costs often fall short of the party's actual litigation expenses." In re Paoli, 221 F.3d at 458 (citations omitted).

1. **Depositions**

Harrah's requests reimbursement the amount of $6,647.25 for fourteen deposition transcripts taken in this matter.[2] (Kraus Decl. Ex B.) Deposition transcripts are taxable if necessarily obtained for use in the case. 28 U.S.C. § 1920(2). Additionally, 28 U.S.C. § 1920 has been interpreted to allow costs for depositions in connection with a successful motion for summary judgment. In re Baby Food Antitrust Litig., 166 F.3d 112, 139 (3d Cir. 1999); see also Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997). Similarly, L. Civ. R. 54.1(g)(7) allows for the taxation of deposition costs if a deposition is used in a case. Fees and charges recoverable under the Local Rule include the costs of the reporter and the preparation of

---

[2] Harrah's excludes the costs associated with videotaping of the depositions along with DVDs which Harrah's purchased. Similarly, Harrah's is not requesting LiveNote fees incurred during the Barr deposition. (Kraus Decl. ¶5.) The Clerk compliments Harrah's for not seeking those costs which are generally non-recoverable under 28 U.S.C. § 1920. This effort by Harrah's saved the Clerk significant amount of time in reviewing and deciding this application for taxation of costs.

the transcript.

Harrah's provides ample evidence in their supporting papers explaining how the depositions were "used" in litigating this matter before the Court. Therefore, the Clerk allows the amount of **$6,647.25** as taxable costs.

2. **Transcript of Court Hearings**

Harrah's requests reimbursement the amount of $148.96 for ordering transcripts of two hearings held before the Honorable Joseph E. Irenas. Harrah's asserts that it was necessary to obtain these transcripts in order to prepare a form of Order requested by Judge Irenas. (Kraus Decl. ¶ 7.) A party is permitted to be reimbursed when ordering Court transcripts when needed to prepare a form of Order; therefore, the Clerk allows the amount of **$148.96** as taxable costs. The Clerk denies Harrah's's request to be reimbursed the amount of $30.71 representing the cost of a telephonic conference with Judge Irenas. Telephone expenses are not recoverable under 28 U.S.C. § 1920. Boyadjian v. Cigna Cos., 994 F. Supp. 278, 280-81 (D.N.J. 1998). Additionally, telephone expenses are considered as ordinary incidents to litigation.

3. **Witness Fees**

Harrah's requests reimbursement of $2,840.82 for expenses incurred deposing of witnesses in this matter. Expenses include the statutory witness fee of $40.00 per each day of attendance; travel and expenses to and from place of attendance. L.Civ.R. 54.1(g)(1) states in relevant part, "The fees of witnesses for actual and proper attendance shall be allowed . . . [t]he rates for witness fees, milage and subsistence are fixed by statute (see 28. U.S.C. § 1821)." Under 28 U.S.C. § 1821(d)(1), a subsistence fee is allowed when an overnight stay is required, provided that the per diem rate does not exceed the rates established in 5 U.S.C. § 5702(a).

For Newark, the maximum per diem subsistence allowance at the time the cost was incurred (including lodging , meals and incidental expenses) was $165.00.  41 C.F.R. § 301, App. A.  (Kraus Decl. ¶ 9.)  Additionally, three witnesses were disposed in Las Vegas, Nevada and the maximum per diem subsistence allowance for Las Vegas, Nevada at the time the expenses were incurred was $174.00.  Although the Hotels located in Newark and Las Vegas where the witnesses stayed charged in excess of the maximum allowable amount, Harrah's is seeking only the subsistence amount allowed under 5 U.S.C. § 5702(a) and 41 C.F.R. § 301, App.A.  (Kraus Decl. ¶ 9.)

Plaintiff objects to Harra's request for travel reimbursement and subsistence as to deponents Michael Kostrinsky, Michael Cohen and Lisa Droke.  Plaintiff argues that because Plaintiff was willing to depose Harrah's witnesses in the town in which they resided, Plaintiff should not be required to bear the cost to produce Harrah's witnesses in New Jersey.  (Pl's. Opp'n ¶ 1.)  The Clerk notes, however, that Plaintiff selected New Jersey as the forum where he and others wished to litigate this matter; therefore, it is not unreasonable for Harrah's to want to take depositions in the jurisdiction where the case is to be litigated.  The Clerk will not speculate why Harrah's requested certain depositions be taken in New Jersey.  Harrah's decision to take certain depositions in New Jersey does not seem unreasonable based on the circumstances of this case.  Therefore, the Clerk will not reduce the amount of $1,967.02 representing travel and subsistence costs of the above-mentioned deponents based on the argument that the depositions should have been taken where the deponents reside.

The following witnesses shall be considered individually:

<u>Michael Kostrinsky</u>   Harrah's requests reimbursement in the amount of $533.30 for

travel expenses (airfare), witness fee for two days attendance in the amount of $80.00 and a subsistence fee of $96.00 for a total amount of **$709.30**.  The Clerk permits this amount to be a taxable cost.

*Michael Cohen*   Harrah's requests reimbursement in the amount of $811.70 for travel expenses.  Plaintiff objects to this amount because the airfare receipt reflects that Mr. Cohen traveled from Las Vegas to Newark on August 6, 2007, from Newark to Boston on August 9, 2007, and from Boston to Las Vegas on August 19, 2007.  (Pl's. Opp'n ¶ 3.)   The Clerk agrees with Plaintiff's position and that the losing party should not be required to pay for the extra travel to Boston.  The Clerk allows Harrah's to be reimbursed the amount of $405.85 representing one-half of the amount requested for airfare.

This witness also appeared as a witness for two days.  The Clerk allows the amount of $80.00 in attendance fees and a subsistence fee of $153.00.  Therefore, the Clerk allows the total amount of **$638.85** as taxable costs for this witness.

*Lisa Droke*   Harrah's requests reimbursement in the amount of $257.02 for travel expenses (airfare, mileage), witness fee for two days attendance in the amount of $80.00 and a subsistence fee of $116.00 for a total amount of **$453.02**.  The Clerk permits this amount to be a taxable cost.

*Gary Loveman*   Harrah's requests reimbursement witness fee for one day attendance in the amount of **$40.00**.  The Clerk permits this amount as a taxable cost.

*Nizar Jabara*   Harrah's requests reimbursement of a witness fee for one day attendance in the amount of **$40.00**.  The Clerk permits this amount as taxable cost.

*Charles Ruck*   Harrah's requests reimbursement in the amount of $264.06 representing travel by automobile from Orange County California to Las Vegas, Nevada.  Additionally, Harrah's requests a witness fee for one day attendance in the amount of $40.00 and a subsistence fee of $174.00 for a total amount of $478.06.  Plaintiff argues that they noticed this witness for deposition in Orange County, California and that Harrah's instead elected to make Mr. Ruck available in Las Vegas.  Harrah's informed Plaintiff that Las Vegas would be more convenient to take Mr. Ruck's deposition because he was planning on being in Las Vegas on the date of his deposition so as to attend a meeting of Harrah's Board of Directors,  (Pl. Opp'n ¶ 3.)  The Clerk does not again speculate why Harrah's requested to have Mr. Ruck's deposition taken in Las Vegas instead of Orange County.  Plaintiff further argues that it is not clear from Harrah's papers that Mr. Ruck traveled to Las Vegas by private vehicle as required under 28 U.S.C. § 1821(c)(2).  While it is not clear from Harrah's papers whether this witness traveled in his own car or had taken a private car service to Las Vegas, nevertheless, the distance in miles to and from Las Vegas would have been the same whether driving in a private automobile or not.  The Clerk allows the sum of **$478.06** as taxable costs for this witness.

*James Barrall*   Harrah's requests to be reimbursed a witness fee for one day attendance in the amount of $40.00.  The Clerk allows **$40.00** as a taxable cost.

Harrah's also requests to be reimbursed the sum of $23.20 representing the New Jersey Occupancy Tax and the sum of $12.54 representing the Nevada Occupancy Tax.  The amount of **$35.74** is allowed as a taxable cost.

The total amount allowed as taxable costs for witness(s) fees for the above-mentioned indivduals is **$2,434.97**.

4.      **Computerized Legal Research**

Harrah's requests reimbursement of $711.51 in connection with computerized legal research performed in this matter.  Computerized legal research is not a listed item for costs under 28 U.S.C. § 1920.  Boyadjian v. Cigna Cos., 994 F. Supp. 278, 281-82 (D.N.J. 1998) (citing Crawford Fitting, 482 U.S. at 441; W.Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 93 (1991)); But see Ricoh Corp. v. Pitney Bowes, Inc., No. 02-5639, 2007 WL 1852553 (D.N.J. June 26, 2007) (allowing computerized legal research expenses in a complex case as taxable costs).

Courts have used attorney fee applications under 42 U.S.C. § 1988 to determine what nontaxable expenses related to attorneys' fees were authorized in a particular case.  Abrams v. Lightolier, Inc., 50 F.3d 1204, 1224 (3d Cir. 1995).  Similarly, in United States v. Scheingold, 293 F.Supp. 2d 447, 453 (D.N.J. 2003), cited in Lite, N.J. Federal Practice Rules, Comment 4(i) to L. Civ. R. 54.1 (Gann), the prevailing party filed a post trial motion for attorneys' fees in a federal tax matter which proceeded to trial.  In that case, the Court granted attorneys' fees and costs under 26 U.S.C. § 7430 of the Internal Revenue Code, not under Section 1920, which provided for the award of litigation costs such as electronic research and postal expenses to a prevailing party in a suit against the Internal Revenue Service.

Federal courts may not grant costs unless such costs are authorized by Section 1920. Crawford Fitting Co., v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (holding that "§ 1920 defines the term 'costs' as used in Rule 54(d)").  Similarly, expenses paid by a party regarded as ordinary incidents to litigation are generally not recoverable as taxable costs.

For the reasons mentioned above, the Clerk denies the expenses incurred by Harrah's for

computer legal research conducted in this matter because taxation of costs is limited to those costs enumerated in Section 1920.

5. **Docket Fees Under 28 U.S.C. § 1923**

Harrah's requests reimbursement for docket fees in the amount of $65.00. The Clerk interprets Section 1923 to read that the prevailing party is allowed $5.00 on motion for judgment and $2.50 for each deposition admitted in evidence. Had this matter proceeded to trial the prevailing party would be entitled to $20.00 docket fee. Therefore, the Clerk allows Harrah's to be reimbursed the amount $5.00 representing motion for judgment and $35.00 representing fourteen deposition transcripts for a total amount of **$40.00**.

6. **Summary**

The following expenses will be allowable as taxable costs:

| | |
|---|---|
| Deposition Transcript Costs | $6,647.25 |
| Transcripts of Hearings | $ 148.96 |
| Witness Fees | $2,434.97 |
| Docket Fees | $ 40.00 |
| Computer Research | Denied |
| **Total** | **$9,271.18** |

For the reasons set forth above, Harrah's Entertainment Inc. Bill of Costs against WALLACE R. BARR, on behalf of himself and all others is hereby granted in the amount of **$9,271.18**.

                                        **WILLIAM T. WALSH, CLERK**

                                        By: S/John T. O'Brien
                                              Deputy Clerk

DATE: September 1, 2009